IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON SHAW, III,

    Petitioner,     No. CIV S-06-0466 LKK EFB P

    vs.

R. J. KIRKLAND, Warden,

    Respondent.     <u>ORDER</u>

_____/

  Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on petitioner's November 16, 2006, first amended petition.[1] Respondent moves to dismiss this action on the ground that the petition contains unexhausted claims. Petitioner opposes and, while he initially requested the court to stay this action and hold it in abeyance pending the California Supreme Court's resolution of a pending habeas corpus petition, he has notified the court of the completion the proceedings in state court. Accordingly, he now asserts that he has exhausted his claims. For the reasons explained below, the court finds

---

[1] These proceedings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which permits a party to amend the party's pleading once as a matter of right any time before a responsive pleading is filed. *See Mayle v. Felix*, 545 U.S. 644, ___,125 S.Ct. 2562, 2569 (2005). Petitioner commenced this action by filing his initial petition on January 13, 2006. Petitioner filed the amended petition before respondent filed an answer. Therefore, the amended petition was permitted under Rule 15(a).

1

that there remains one unexhausted claim in the federal petition.

**I. Procedural History**

On January 27, 2003, petitioner was convicted of two counts of attempted murder, three counts of assault with a semi-automatic firearm, three counts of discharging a firearm from a vehicle and, given facts justifying the enhancement of the sentence, was sentenced to a term of 98 years to life in prison. Amended Petition at 2.[2]  Petitioner appealed and on September 15, 2004, the appellate court affirmed the judgment. Amended Petition at 3. On October 6, 2004, petitioner filed in the California Supreme Court a petition for review of the appellate court's disposition of his claims that: (1) the sentence violates due process because the jury was not required to find beyond a reasonable doubt facts based upon which his sentence was enhanced beyond the statutory maximum; (2) the trial court erred by refusing defense counsel's request for a particular instruction on accomplices; and (3) the trial court erred by instructing the jury with CALJIC 2.03. Lodged Doc. 1. The California Supreme Court denied review on December 15, 2004. Lodged Doc. 2. On January 16, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, case number S140504, claiming that: (1) the identification of him as the perpetrator was unreliable in violation of due process; (2) trial counsel was ineffective by failing to move to suppress the identification evidence; and (3) appellate counsel was ineffective by failing to raise on appeal the issue of the unreliable identification. Lodged Doc. 3.

On January 31, 2006, petitioner filed a petition for a writ of habeas corpus in this court making the following claims: (1) petitioner's sentence violates due process because the jury was not required to find beyond a reasonable doubt facts based upon which his sentence was enhanced beyond the statutory maximum; (2) petitioner was denied a fair trial by the trial court's

---

[2] Petitioner submits his claims on the form petition used in this court. For reasons not apparent to the court, the first page of the form is paginated as the second page, the second page is paginated as the third page, and so on.

refusing defense counsel's request to give a specific instruction on accomplices; (3) the introduction into evidence of a replica firearm violated petitioner's right to a fair trial; (4) admitting unreliable evidence of eye-witness identification violated petitioner's right to a fair trial; (5) appellate counsel was ineffective by failing to raise on appeal the issue of the unreliable eye-witness identification.  Docket # 1.  On November 16, 2006, petitioner filed a first-amended petition in this court raising the following claims:  (1) petitioner's sentence violates due process because the jury was not required to find beyond a reasonable doubt facts based upon which his sentence was enhanced beyond the statutory maximum; (2) petitioner was denied a fair trial by the trial court's refusing defense counsel's request to give a specific instruction on accomplices; (3) the introduction into evidence of a replica firearm violated petitioner's right to a fair trial; (4) admitting unreliable evidence of eye-witness identification violated petitioner's right to a fair trial; (5) appellate counsel was ineffective by failing to raise on appeal the trial court's permitting introduction of an unreliable eye-witness identification.

**II.  Legal Standards**

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  A claim is unexhausted if any state remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's

denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Notwithstanding the decision in *Rose*, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). An absolute prerequisite to instituting stay and abeyance in habeas corpus proceedings is a finding that petitioner demonstrate good cause for his failure to exhaust. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If the court finds good cause, it nevertheless cannot grant a stay with respect to claims that "are plainly meritless," or when the failure to exhaust was a delay tactic. *Rhines*, 544 U.S. at 277.

**III. Analysis**

As noted above, petitioner initially conceded that two of his claims, i.e., that the introduction eyewitness identification evidence violated due process and that appellate counsel was ineffective for failing to raise this issue on appeal, were unexhausted and requested that this court stay this action and hold it in abeyance until the California Supreme Court ruled on the habeas petition pending before it. In his November 16, 2006, request for leave to file an amended petition, petitioner asserts that the California Supreme Court's order denying his petition in that court exhausts all grounds in the federal petition. Respondent concedes that the California Supreme Court's ruling exhausts petitioner's fourth and fifth claims, but correctly

4

asserts that it does not exhaust petitioner's third claim, i.e., that claim that the introduction into evidence of a replica firearm violated petitioner's right to a fair trial. Therefore, the amended petition contains one exhausted claim. This action must be dismissed without prejudice unless petitioner either files a second amended petition omitting the unexhausted claim or requests the court to stay this action and hold it in abeyance while he presents it to the California courts. If he pursues the latter course he must demonstrate good cause for his failure to present the claim to the California Supreme Court. He must also show that the claim is not plainly without merit and that his failure to exhaust the claim was not a delay tactic. *Rhines*, 544 U.S. at 277.

Accordingly, it is ORDERED that:

1. Petitioner's July 20, 2006, motion to stay this action and hold it in abeyance is denied;

2. Petitioner has 14 days from the date of this order either to file an amended petition omitting the claim pertaining to the replica firearm or to request a stay, explaining why this court should stay this action and hold it in abeyance by making the showing required by the United States Supreme Court in *Rhines*. Petitioner's failure to comply with this order will result in a recommendation that respondent's motion to dismiss be granted and that this action be dismissed without prejudice.

3. The Clerk of the Court is directed to terminate docket entry number 15.

Dated: January 24, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE